UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ROBERT J. GRANT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-179-DCR |
| ) | |
| V. ) | |
| ) | |
| DONALD STINE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Robert J. Grant, who is confined in the United States Penitentiary McCreary ("USP-McCreary"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 1][1] The matter is currently before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

---

[1] USP-McCreary is located in Pine Knot, Kentucky.

Dockets.Justia.com

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS AND RELIEF REQUESTED

Petitioner alleges in his §2241 petition that his 2004 federal conviction in this Court violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. The Petitioner asks the Court to enter an order vacating his sentence.

## RESPONDENT

The Petitioner has named D.L. Stine, the Warden of USP-McCreary, as the Respondent in this action.

## PETITIONER'S HISTORY IN THIS COURT

### 1. Criminal Conviction in 04-CR-00003-DCR-1

On September 7, 2004, the Petitioner pleaded guilty in this Court to manufacturing marijuana in violation of 21 U.S.C. §841(a)(l) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States of America v. Robert J. Grant*, 6: 04-00003-DCR-1. As part of his plea agreement, Petitioner waived his right to appeal and collaterally attack his conviction and guilty plea. The Court sentenced Petitioner to 262 months' of imprisonment and eight years' of supervised release. The Petitioner did not appeal.

### 2. Motion to Vacate Under 28 U.S.C. §2255

On September 6, 2005, Grant filed a motion in his criminal proceeding to vacate or set aside his sentence under 28 U.S.C. §2255. [*Id.*, Record No. 28] He claimed that he received ineffective assistance of counsel because: (1) defense counsel misadvised him with respect to

the length and concurrency of his sentences; (2) defense counsel did not object to the presentence investigation report which, according to Petitioner, reflected an incorrect criminal history category; and (3) defense counsel did not file an appeal.

The United States Magistrate Judge filed his Report and Recommendation on April 11, 2006. [*Id.*, Record No. 45] He recommended that the motion be denied and that no certificate of appealability be issued. The Petitioner did not timely object to the Magistrate Judge's Report and Recommendation despite being informed of the opportunity to object, the ten-day period in which to object, and the consequence of not objecting. Accordingly, after the time passed for objections to be filed, the Court adopted the Report and Recommendation on April 26, 2007. [*Id.*, Record No. 46]

Thereafter, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. [*Id.*, Record No. 48] However, the Court denied the Petitioner leave to file late objections and denied Petitioner a certificate of appealability. [*Id.*, Record No. 54]

### 3. Appeal of §2255 Proceeding

On May 11, 2006, the Petitioner appealed the Court's denial of his §2255 motion. [*Id.*, Record No. 49] On November 29, 2006, the Sixth Circuit Court entered an order denying the Petitioner's request for a certificate of appealability. [*Id.*, Record No. 55] The Sixth Circuit determined, for the reasons set forth in the Magistrate Judge's Report and Recommendation of April 11, 2006, that the Petitioner had failed to make a substantial showing that his constitutional rights had been denied. The Sixth Circuit stated that Petitioner failed to demonstrate that

reasonable jurists would have found the assessment of his constitutional claims either debatable or wrong. [*Id.*, p. 2]

## ALLEGATIONS OF THE PETITION

The Petitioner alleges that his right to due process of law, guaranteed under the Fifth Amendment of the United States Constitution, was violated during his criminal proceeding. In support of his claim, he cites a case decided in 2005 in the United States Coast Guard Court of Criminal Appeals. *See United States v. Shannon (NMN) Lee, Fireman (E-3) U.S. Coast Guard*, 61 M. J. 627 (June 1, 2005).[2]

The Petitioner argues that *Lee* holds that for the offense of manufacture of a controlled substance by growing to be complete, the controlled substance must actually be present in cultivated planting. In his §2241 petition, he argues that he could not have been guilty of manufacturing marijuana, only *attempted* manufacture. He contends that:

> the plants taken from the petitioner did not contain any THC. The most that the petitioner could have been convicted of was attempt to manufacture marijuana in violation of 21 U.S.C. § 846. The petitioner was convicted of manufacturing marijuana in violation of 21 U.S.C. § 841 (a)(1). This is clearly a mistake that requires correcting.

[Record No. 1, Memorandum, pp. 8-9] The Petitioner concludes that his conviction and sentence are invalid and should be vacated and set aside.

---

[2] In *Lee*, the Coast Guard Court of Criminal Appeals held that the accused's plea of guilty to wrongful manufacture of psilocybin mushrooms was improvident, where he had admitted only to planting mushroom spores which never grew into mushrooms. The Court noted that the controlled substance (psilocybin) is not present until the plant reaches the third of its four stages of development. *See United States v. Lee*, 61 M. J. at 629.

## DISCUSSION

Although the Petitioner has filed his submission under the mantra of 28 U.S.C. §2241, the Petitioner is attempting to challenge his 2004 criminal conviction under the Fifth Amendment and the *United States v. Lee* case.[3] This would be his second attempt to challenge his conviction, his first attempt having been undertaken on September 6, 2005, in his 2004 criminal proceeding. As noted, the Court denied the Petitioner's §2255 motion to vacate his sentence on April 26, 2006.

Title 28 U.S.C. §2244(b)(ii)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).[4]

Given the allegations in the §2241 petition, the Court characterizes the petition as a "second or successive habeas corpus application" governed by 28 U.S.C. §2244. This Court is

---

[3] The Court notes that *Lee* was decided on June 1, 2005. The Petitioner did not file his initial §2255 motion until some three months later, on September 6, 2005. The Petitioner attributes his failure to mention the *Lee* case in his §2255 motion to the fact that he was proceeding *pro se* in that effort and was presumably unaware of the *Lee* decision. [*See* Record No. 1, Memorandum, p. 9]

[4] *See also Mott v. Booker*, 2007 WL 142166, *2 (E. D. Mich., January 16, 2007) ("This Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals.")

without jurisdiction to decide the construed second or successive motion to vacate or set aside sentence. The Clerk of the Court will be directed to transfer this case to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §1631, for review and disposition.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)    The Court recharacterizes the §2241 petition [Record No. 1] filed in this proceeding, No. 07-179-DCR, as a "second or successive habeas corpus application" governed by 28 U.S.C. §2244.

(2)    The Clerk of the Court is directed to transfer this proceeding, including the Petitioner's "Motion to Proceed *In Forma Pauperis*" [Record No. 2], to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for review and disposition.

This 22nd day of May, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge